ON APPLICATION FOR REHEARING
We deny rehearing, notwithstanding defendant trustee Horace V. Richards’s concern that plaintiff John J. Richards, in his capacity as trustee of a trust which is identical to the three involved in this proceeding but of which Horace individually is beneficiary, does not agree that the last trust has terminated. Because of the alleged identity of the trusts in material particulars, Horace seeks rehearing, wishing to recall his concession given in response to our letter (with copy to other counsel) stating our preliminary view that the three trusts before us and their trusteeships had terminated. We refuse rehearing because, on the undisputed facts, the conclusion that these three trusts and their trusteeships have terminated is inescapable and that conclusion makes moot this proceeding for removal of a trustee.
La.R.S. 9:2252 declares that trusts “shall be governed by the laws in effect at the time of their creation.” When the Richards trusts were created in 1941, the trust law in effect was La. Acts 1938 No. 81. That Act’s ■§ 4 declares that “every ... trust created under this Act shall terminate ... at the expiration of ten years from the settlor’s death as to a beneficiary who is a natural person and of full age at the set-tlor’s death, and at the expiration of ten years from the beneficiary’s minority as to a beneficiary who is a natural person and a minor at the settlor’s death.”
The settlor died in 1960. Unless a beneficiary was a minor in 1960, each of the three Richards trusts before us terminated ten years thereafter, in 1970.
If a beneficiary was a minor in 1960 at the settlor’s death, that beneficiary’s trust would terminate ten years after he or she reached majority. But because Acts 1938 No. 81 § 24 required the beneficiary to be alive or at least conceived when the trust was created, our beneficiaries had to exist at least embryonically in 1941, and therefore had to be born no later than 1942 (see, by analogy, C.C. 187) and to reach age 21 (the 1941 age of majority under C.C. 37) no later than 1963, and “ten years from the beneficiary’s minority” had to occur no later than 1973. Thus a trust created in 1941 for a natural person by a settlor who died in 1960 could not extend beyond 1973.
Accordingly, the trusts before us expired either in 1970, ten years from the settlor’s death, or no later than 1973, which is at least ten years from the minority of any beneficiary alive or conceived in 1941.
We reject Horace’s argument that Rule IX-A, Uniform Rules, Courts of Appeal,[1] *1188 prevents our deciding this case on an issue not raised at trial or on appeal. La.C.C.P. 2164 governs: “The appellate court shall render any judgment which is just, legal and proper upon the record on appeal.” See also C.C.P. 862: “a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings ....”
Plaintiffs sought removal of a trustee on grounds the trial judge (in painstaking written reasons) deemed insufficient. Plaintiff is not entitled to, and we cannot render, a judgment removing as trustee one who is no longer a trustee. Nor can we render a declaratory judgment, after the trust has terminated, on whether certain actions constitute grounds for removal of a trustee. Courts may only decide “rights, status and other legal relations” by declaratory judgment, C.C.P. 1871; “we are not authorized to depart from deciding jus-ticiable controversies and enter the area of advisory opinions.” Edwards v. Parker, La. 1976, 332 So.2d 175. We therefore cannot review the merits of the trial court’s judgment. All that we can do is dismiss for mootness.
Rehearing refused.

. The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by Art. 5, § 10(B) of the Louisiana Constitution of 1974 and Article 2164 of the Louisiana Code of Civil Procedure. Ordinarily, however, the Courts of *1188 Appeal will review only issues which were submitted to the trial court and which are contained in the specification of errors in the briefs or in an application for writs, unless the interest of justice clearly requires otherwise.